## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KEITH REILLY,
              Appellant,

    v.

DEPARTMENT OF LABOR,
              Agency.

DOCKET NUMBER
DC-1221-22-0093-W-1

DATE: April 24, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Jacob Madison Small, Esquire, McLean, Virginia, for the appellant.

Alisa Reff and Ian Andrew Spreat, Esquire, Washington, D.C., for the
    agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the administrative judge's finding that the appellant did not establish jurisdiction over his claim as set forth below, AFFIRM the remainder of the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision as MODIFIED to supplement the administrative judge's analysis of contributing factor, and REMAND the appeal to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

At the time relevant to this appeal, the appellant was employed as a Criminal Investigator with the agency's Office of Inspector General (OIG). Initial Appeal File (IAF), Tab 9 at 40. In August of 2016, the appellant was assigned a new first-line supervisor, who, according to the appellant, immediately began harassing him, rejecting his work reports, taking credit for his accomplishments, threatening him with a performance improvement plan, and requiring him to engage in unnecessary travel. *Id.* at 5, 16-21, 26. Within a few months, on January 10, 2017, the appellant contacted the OIG's Internal Affairs Office about his supervisor's behavior and communicated to agency officials that the stress of the alleged harassment was affecting his physical health. *Id.* at 6, 21. The next day, the Assistant Inspector General advised the appellant that, based on his representations regarding his medical condition, his authority to carry a firearm was restricted pending submission of medical documentation from his physician and the results of a fitness for duty examination. *Id.* at 7-8, 21, 117. Soon thereafter, the appellant submitted a letter from his physician requesting that he be relieved of his duties due to anxiety and panic disorder. *Id.* at 37. The appellant was also given a fitness-for-duty examination and was deemed physically fit for duty but not mentally fit for duty based on Generalized Anxiety Disorder, Panic Disorder, and Delusional Disorder. *Id.*; IAF, Tab 11 at 28.

Around the same time, the appellant submitted a claim for workers' compensation benefits based on the above-referenced medical conditions. IAF, Tab 9 at 7, 24, 37. Less than a month later, he emailed his U.S. senator asking for assistance expediting his workers' compensation claim and reporting that he had complained of harassment to the agency. *Id.* at 7, 39. Thereafter, the Office of Workers' Compensation Programs (OWCP) denied his claim, and the agency,

in May 2017, proposed his removal for his medical inability to perform his job. *Id.* at 24, 40-42. However, the appellant and the agency agreed that the appellant would be carried in a leave without pay status while he applied for disability retirement and awaited a decision from the Office of Personnel Management (OPM). *Id.* at 43-44. In January 2018, the appellant requested reinstatement, asserting that his physicians felt that he could return to work, but a few days later, OPM approved the appellant's application for disability retirement. *Id.* at 45-46. As such, the agency declined the appellant's request for reinstatement. *Id.* at 47-48.

The appellant filed a complaint with the Office of Special Counsel (OSC), and, following OSC's close-out letter on August 7, 2018, he filed an IRA appeal with the Board. *See Reilly v. Department of Labor*, MSPB Docket No. PH-1221-18-0492-W-1, Initial Appeal File, Tab 1. In that appeal, the appellant asserted that the agency took the above-referenced actions, including declining to reinstate him, in reprisal for his January 10, 2017 communication with the OIG and for disclosing the alleged harassment by his supervisor to a U.S. senator. *Id.* Following the appellant's request to voluntarily withdraw the appeal, the administrative judge in that matter issued an initial decision on January 31, 2019, dismissing the appeal as withdrawn with prejudice. *Id.*, Tab 11.

While that appeal was pending with the administrative judge, the appellant filed a second complaint with OSC reiterating his claims from his first complaint and additionally asserting that, beginning in 2018, the agency did not select him for positions or limited the types of candidates who could apply for certain positions to exclude him from being eligible to apply in reprisal for his January 10, 2017 communication with OIG and February 2017 communication with a U.S. senator. IAF, Tab 9 at 31-34. After OSC issued its close-out letter, the appellant filed the instant appeal with the Board on November 24, 2021, arguing that, in reprisal for his January 10, 2017 communications with OIG and his February 2017 letter to a U.S. senator, the agency refused his request for

reinstatement, failed to select him for one vacancy, and improperly limited the types of candidates who could apply for three other vacancies. IAF, Tab 1 at 6, Tab 9 at 10.

Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 12, Initial Decision (ID). The appellant has filed a petition for review of the initial decision, and the agency has responded. Petition for Review (PFR) File, Tabs 1, 3. The appellant has replied to the agency's response. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board has jurisdiction over an IRA appeal under the Whistleblower Protection Enhancement Act if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations of the following: (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Edwards v. Department of Labor*, 2022 MSPB 9, ¶ 8; *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). One way to establish the contributing factor criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the official taking the personnel action knew of the disclosure or activity, and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or activity was a contributing factor in the personnel action. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 15; *Salerno*, 123 M.S.P.R. 230, ¶ 13.

In the initial decision, the administrative judge found that the appellant exhausted his administrative remedy with respect to two of the four vacancy announcements enumerated by the appellant in his Board appeal: Vacancy

Announcement No. MS-19-HRC-SC-016, for which the appellant asserted he was not selected, and Vacancy Announcement No. MS-19-OIG-OSI-13, for which the appellant asserted the agency limited the types of candidates who could apply to exclude him.[2]  ID at 6-7.  The administrative judge further found that, although the appellant nonfrivolously alleged that he engaged in protected activity with respect to his January 10, 2017 OIG communication and made a protected disclosure with respect to his February 2017 communication with a U.S. senator, he failed to nonfrivolously allege that the disclosure or activity was a contributing factor in a personnel action.  ID at 7-10.  Finally, he found that the appellant's allegation that the agency refused to reinstate him in reprisal for his disclosures or activity was barred under the doctrine of res judicata based on his prior Board appeal.[3]  ID at 11.

Specifically, regarding the contributing factor element, the administrative judge found that the appellant failed to nonfrivolously allege that his February 2017 disclosure to a U.S. senator was a contributing factor in the agency's actions regarding the two vacancies because the appellant did not allege that any agency official responsible for his nonselection for Vacancy Announcement No. MS-19-HRC-SC-016 or the structuring of the eligibility criteria in Vacancy Announcement No. MS-19-OIG-OSI-13 to exclude the appellant had knowledge of the disclosure.  ID at 9.  Regarding the appellant's January 2017

---

[2]  The appellant does not dispute the administrative judge's finding that he only exhausted two of the four vacancies.  Rather, he indicates on review that he has since exhausted the remaining vacancies with OSC and that he has filed another IRA appeal concerning those vacancy announcements.  PFR File, Tab 4 at 5-6.  An administrative judge dismissed that other IRA appeal without prejudice in an initial decision.  *Reilly v. Department of Labor*, MSPB Docket No. DC-1221-22-0531-W-2, Initial Decision (Dec. 20, 2023).  The appellant subsequently petitioned the U.S. Court of Appeals for the Fourth Circuit for review.  *Reilly v. Merit Systems Protection Board*, No. 24-1240 (4th Cir. pet. for review filed Mar. 21, 2024).

[3]  The appellant has not challenged this finding on review, and we discern no basis to disturb it.  *See Brown v. Department of the Navy*, 102 M.S.P.R. 377, ¶ 10 (2006) (finding that a dismissal with prejudice based on a withdrawal of an appeal generally is considered a final decision, and relitigating such an appeal is barred by res judicata).

communication with the OIG, the administrative judge found that the official responsible for the nonselection for Vacancy Announcement No. MS-19-HRC-SC-016 did not have knowledge of the appellant's communication with OIG, and that the appellant therefore failed to nonfrivolously allege the contributing factor element. *Id.* Finally, the administrative judge found that, although the appellant nonfrivolously alleged that the agency official responsible for structuring Vacancy Announcement No. MS-19-OIG-OSI-13 in a way that precluded the appellant's application had knowledge of the appellant's January 2017 OIG activity, that vacancy announcement was issued 2 years after the OIG communication, which the administrative judge concluded "is generally too lengthy a time to satisfy the timing element." ID at 10. He also concluded that the vacancy announcement did "not appear to be part of a continuum of related personnel actions" that began in closer proximity to the alleged protected activity. *Id.*; *see Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 23 (2013) (reasoning that, for jurisdictional purposes, the timing component of the knowledge/timing test may be satisfied when the agency engaged in a continuum of related personnel actions that began shortly after the appellant's alleged disclosure or activity). Accordingly, he found that the appellant failed to nonfrivolously allege the contributing factor element in this regard. ID at 10.

On review, the appellant only challenges the administrative judge's finding that he failed to nonfrivolously allege that his January 2017 OIG activity was a contributing factor in the agency's decision to limit the types of applicants who could apply to Vacancy Announcement No. MS-19-OIG-OSI-13.[4]  PFR File,

---

[4] We agree with the administrative judge that the appellant's allegation that he disclosed information to the agency's OIG constitutes a nonfrivolous allegation of protected activity under 5 U.S.C. § 2302(b)(9)(C). ID at 8. Regarding the appellant's alleged February 2017 disclosure to a U.S. senator, such a disclosure only became protected under 5 U.S.C. § 2302(b)(8)(C) following the passage of the National Defense Authorization Act for Fiscal Year 2020 and is otherwise only protected when it includes allegations of wrongdoing that the employee reasonably believes evidences a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *See* Pub. L.

Tab 1 at 11-15. Specifically, he disagrees with the administrative judge's discussion regarding the continuum of personnel actions, arguing that the agency began to engage in reprisal against him within 6 months of his January 2017 OIG activity when it restricted his ability to carry a firearm, required him to submit to a fitness for duty examination, failed to support his OWCP claims, proposed his removal for medical inability to perform his duties, and refused to reinstate him. *Id.* Thus, based on an alleged continuum of related activity, he argues that he met the timing prong of the knowledge/timing test.

We need not decide whether the administrative judge erred with respect to whether the appellant nonfrivolously alleged a continuum of retaliatory actions because we otherwise find that the appellant nonfrivolously alleged that the agency issued Vacancy Announcement No. MS-19-OIG-OSI-13 within such a time that a reasonable person could conclude that his January 2017 OIG activity was a contributing factor to that action. Indeed, the appellant contacted OIG in January 2017, and the agency issued the vacancy announcement in early January 2019—2 years after his alleged protected activity. IAF, Tab 9 at 50-51. The Board has consistently found that personnel actions that occur within 1-2 years of an alleged protected disclosure or activity satisfy the timing prong of the knowledge/timing test. *See Salazar v. Department of Veterans Affairs,*

---

No. 116-92, § 5721, 133 Stat. 1198, 2175 (2019). We need not determine whether this provision is retroactive or whether the appellant's disclosure involved allegations of such wrongdoing, thereby making it protected, because, as explained below, we otherwise agree that he failed to nonfrivolously allege that the disclosure was a contributing factor to a personnel action. Similarly, we discern no error in the administrative judge's implicit finding that the appellant nonfrivolously alleged that the nonselection for Vacancy Announcement No. MS-19-HRC-SC-016 and the agency's structuring of eligibility criteria in Vacancy Announcement No. MS-19-OIG-OSI-13 constitute personnel actions under 5 U.S.C. § 2302(a)(2)(A). *See Weed v. Social Security Administration*, 113 M.S.P.R. 221, ¶¶ 13-17 (2010) (reasoning that an agency's use of a particular hiring process as a part of a scheme that would deny a whistleblower the opportunity to seek an appointment constitutes a personnel action); *Reeves v. Department of the Army*, 99 M.S.P.R. 153, ¶ 15 (2005) (explaining that a nonselection is a personnel action for purposes of the whistleblower protection statutes). Accordingly, these findings remain undisturbed upon remand.

2022 MSPB 42, ¶ 32; *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, ¶ 41; *Salerno*, 123 M.S.P.R. 230, ¶ 14; *Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 21 (2015); *Schnell v. Department of the Army*, 114 M.S.P.R. 83, ¶ 22 (2010). Therefore, we find that the appellant nonfrivolously alleged the timing prong of the knowledge/timing test.[5] Because we agree with the administrative judge that the appellant nonfrivolously alleged that the agency official responsible for limiting the types of applicants who could apply for the vacancy had knowledge of his OIG activity, ID at 10; IAF, Tab 9 at 11-12, 118-19, we conclude that the appellant nonfrivolously alleged both components of the knowledge/timing test, thereby nonfrivolously alleging that his January 2017 OIG activity was a contributing factor in the agency's decision to effectively exclude him from the application pool for Vacancy Announcement No. MS-19-OIG-OSI-13. *See Chambers*, 2022 MSPB 8, ¶ 15. Based on the foregoing, we find that the Board has jurisdiction over this claim, and we remand this appeal for a hearing on the merits.[6] *See Graves v. Department of Veterans*

---

[5] Because we find that the appellant met the timing prong of the knowledge/timing test based on the initial communication with OIG, we need not address his argument on review that his attorneys' subsequent communications with OIG should control the timing analysis. PFR File, Tab 1 at 16.

[6] Regarding the administrative judge's other findings that the appellant failed to nonfrivolously allege that his February 2017 disclosure to a U.S. senator was a contributing factor to either alleged personnel action, or that his January 2017 OIG activity was a contributing factor in his nonselection for Vacancy Announcement No. MS-19-HRC-SC-016, the administrative judge's analyses for those findings appear to be based on the appellant's failure to nonfrivolously allege knowledge on the part of a relevant agency official of the protected disclosure and activity, and thus, his failure to meet the knowledge/timing test. ID at 9. However, the knowledge/timing test is not the only way to satisfy the contributing factor standard. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012). Other relevant evidence includes that pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding officials, and whether these individuals had a desire or motive to retaliate against the appellant. *Id.*, ¶ 15. The appellant has not alleged that his February 2017 disclosure to a U.S. senator implicated any of the relevant agency officials or that the agency officials responsible for either alleged personnel action had any desire or motive to retaliate against the appellant. Additionally, the appellant has not alleged that the agency's reasons for not selecting him for one of the vacancy announcements and

*Affairs*, 123 M.S.P.R. 434, ¶ 22 (2016) (explaining that an appellant is entitled to a hearing on the merits if, after exhausting his remedy with OSC, he makes nonfrivolous allegations that he engaged in protected activity that was a contributing factor in a personnel action).

## ORDER

For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:
*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.

---

limiting the types of candidates who could apply for the other were particularly weak. Accordingly, we ultimately agree with the administrative judge that the appellant failed to nonfrivolously allege contributing factor with respect to these claims.